UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODY ELLIOTT LMHC,<br><br>              Plaintiff,<br><br>      v.<br><br>OFFICER JAMES JOHNSON<br><br>Salem Police Department,<br><br>              Defendant | No. 20-cv-11775-NMG |

**REPORT AND RECOMMENDATION ON PARTIES' DISPOSITIVE MOTIONS**

CABELL, U.S.M.J.

**I.   INTRODUCTION**

Plaintiff Jody Elliott, proceeding *pro se*, contends that defendant Salem Police Officer James Johnson[1] used excessive force

---

[1] Counsel for Officer Johnson presume that the complaint also asserts a claim against the Salem Police Department (SPD). This court does not read the complaint to assert any claims against the SPD, however, and treats it as asserting a § 1983 claim only against Officer Johnson. In support of this view, the case caption as drafted by the plaintiff places her name (JODY ELLIOTT LMHC) and Officer Johnson's name (OFFICER JAMES JOHNSON) in capital letters, suggesting they are the sole parties to this action. Wording underneath Officer Johnson's name does read "Salem Police Department" and "Defendant" in initial capitals, but these words appear to be there to identify Officer Johnson and define his role in the case, in the same way that the word "Plaintiff" underneath Elliot's name is meant to denote hers. Notably, the same wording refers to the parties in the singular, as in there is just one "plaintiff" and just one "defendant." Further, the complaint contends at the outset that "Officer James Johnson violated Plaintiff's civil right" but tellingly advances no accusation against the Salem Police Department. Similarly, the narrative portion of the complaint purports to detail Officer Johnson's unlawful acts but does not do the same for any other officer or assert that the SPD bears responsibility for Officer Johnson's conduct. Further still, the plaintiff's single-paged motion for summary judgment refers only to Officer Johnson and not the SPD; refers to him as the

on her in violation of her Fourth Amendment rights during an encounter at her residence. The parties have filed competing motions for judgment. The plaintiff moves for summary judgment; the defendant moves for judgment on the pleadings. (D. 8, 9). Both motions have been referred to this court for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion be denied and that the defendant's motion be allowed.

II.   RELEVANT BACKGROUND

   A.   Complaint Allegations.[2]

On August 27, 2019, Elliott suffered a low blood sugar episode at her home that left her unconscious. Her daughter called 911 and a medical team arrived within minutes. Personnel revived her and eventually left.

---

"defendant" in the singular; and asks only that judgment be imposed against him. (D. 8). Similarly, the plaintiff's opposition to the motion for judgment on the pleadings refers only to "Officer James Johnson" as the "defendant." (D. 15). Counsel's presumption that the SPD is also a party most likely flows from the court docket itself, which characterizes the matter as a "COMPLAINT against Salem Police Department, James Johnson." See D. 1. It is most likely that the court staff making this entry viewed the phrase "Salem Police Department" under Officer Johnson's name as listing another defendant rather than his place of employment. This court is persuaded, however, that the complaint asserts a claim against Officer Johnson only. To the extent the plaintiff is heard to respond that she did indeed intend to name the SPD as a defendant, the complaint should be dismissed against the SPD because it fails under Fed. Rule Civ. P. 8(a) to "give the [police department] fair notice of what the . . . claim is and the grounds upon which it rests." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

[2] The allegations in the complaint are unnumbered and set out in narrative prose form.

On or about August 31, 2019,[3] the plaintiff's daughter called 911 again after fearing that the plaintiff was experiencing another low blood sugar episode. A medical team responded, and this time Salem Police Officer Johnson responded as well.

Officer Johnson told the plaintiff's daughter that she could not be present during the medical team's evaluation of the plaintiff and directed her to leave the room. The plaintiff became uncomfortable, in part because her daughter was her medical proxy, and in part because she and Officer Johnson had "crossed paths" before and she did not trust him or want him in her home "for any reason." She conveyed her feelings to Officer Johnson but he informed her that he had to "clear the situation."

The plaintiff told the medical team that she did not require medical attention. The team seemed to accept the plaintiff's word, but Officer Johnson insisted that the team needed to first take and test a blood sample. The plaintiff reluctantly agreed, and the test revealed she was experiencing low blood sugar. At Officer Johnson's insistence, the plaintiff reluctantly provided a second sample for testing, which also showed a finding of low blood sugar.

---

[3] The plaintiff alleges that the incident occurred on August 29, but the defendant contends it occurred on August 31. The exact date of the incident is immaterial, but the defendants have submitted a Salem Police Department Case/Incident Report reflecting that it occurred on August 31. (D 1-2). The court proceeds under that presumption based on the documentary evidence.

After some discussion, medical personnel recommended that the plaintiff go to the hospital. The plaintiff, believing that she did not need treatment, attempted to go to another room to "think about the best way to resolve this problem." However, Officer Johnson entered the room and "grabbed" the plaintiff's arm and "started to pull her to the door." The plaintiff pushed his hand away. When she did so he "grabbed" her right arm, twisted it up her back, and "informed her she had just assaulted a Police Officer."

The plaintiff asked Officer Johnson if he was arresting her. He did not answer her directly but stated that he would handcuff her if she continued to resist. Officer Johnson then dragged the plaintiff to a stairwell that led outside her residence. The plaintiff grabbed hold of the stair post and Officer Johnson pounded on her left arm to try to get her to release her grip. When this did not work, Officer Johnson "pushed her right arm, that was still pinned to her back, up to her neck." The plaintiff screamed from the pain and eventually loosened her hold and fell onto the stairs. Officer Johnson then kneeled on her back and slammed her face into the stairs, damaging her nose. He then dragged her "face down" the front stairs to the waiting ambulance. The plaintiff was brought to the hospital and subsequently released.

B.  **Procedural Posture**

Approximately two weeks later, on September 16, 2019, the plaintiff brought a *pro se* action in state court against Officer Johnson in connection with the events of August 31.  (See D. 1-3, *Jody Elliott v Officer Johnson, S.P.D.*, Civil Action No. 1977CV01299).  The complaint alleged one count of "assault" and recounted the same allegations set forth in the present federal complaint.  (Id.).

The defendant moved for judgment on the pleadings on the grounds that he enjoyed statutory immunity from suit under M.G.L. c. 123, § 22, as well as common law immunity.  (D. 1-3).  On August 10, 2020, the state court agreed and entered judgment in Officer Johnson's favor.  (D. 10-3).

The plaintiff did not appeal.  Instead, she initiated this action several weeks later, on September 29, 2020.  (D. 1).  The complaint alleges under 42 U.S.C. § 1983 that Officer Johnson violated the plaintiff's Fourth Amendment right to be free from an unreasonable seizure.  (D. 1).

### III. STANDARD OF REVIEW

A. **Summary Judgment**

The plaintiff moves for summary judgment.  Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment

as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "assert[ing] the absence of a genuine issue of material fact and then support[ing] that assertion by affidavits, admissions, or other materials of evidentiary quality." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003).

Once the moving party meets that burden, in order to avoid summary judgment, the opposing party must "'show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation.'" *Fontánez-Nuñéz v. Janssen Ortho LLC*, 447 F.3d 50, 54-55 (1st Cir. 2006) (quoting *Ingram v. Brink's, Inc.*, 414 F.3d 222, 228-29 (1st Cir. 2005)). Instead, the opposing party must "'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" *Clifford v. Barnhart*, 449 F.3d 276, 280 (1st Cir. 2006) (quoting *Triangle Trading Co. v. Robroy Indus. Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)).

### B.  Judgment on the Pleadings

The defendant moves for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Under that rule, a party may move for judgment on the pleadings at any time after the pleadings are closed, if it does not delay trial. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings allows the court to consider

the factual allegations "in both the complaint and the answer," but is "governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Calixte v. David*, 320 F. Supp. 3d 294, 297 (D. Mass. 2018) (citing *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008)).  "Because such a motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof."  *R.G. Fin. Corp.* v. *Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006).  The court may also consider matters "fairly incorporated" within the complaint or "susceptible to judicial notice."  *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).  Further, where, as here, the motion is based in part on a claim of *res judicata*, the court may take judicial notice of the record in the original action.  *See Boateng v. InterAmerican Univ.*, 210 F.3d 56, 60 (1st Cir. 2000).  "Like Rule 12(b)(6), Rule 12(c) does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 54 (1st Cir. 2006).

**IV.   DISCUSSION**

    **A.**   <u>**The Motion for Summary Judgment**</u>

The plaintiff moves for summary judgment on the ground that the defendant did not respond to her complaint, and thus "has not disputed the facts" or provided any evidence to support his prior contention in the state court matter that his actions were appropriate because the plaintiff was mentally ill. (D. 8). However, even assuming a defendant's failure to respond to a complaint could provide a basis to move for summary judgment (as opposed to an entry of default), the defendant *did* respond to the complaint, the very same day the plaintiff moved for summary judgment, by moving for judgment on the pleadings. (D. 9). As such, the plaintiff's motion rests on a flawed premise and should be denied.

    **B.**   <u>**The Motion for Judgment on the Pleadings**</u>

The defendant advances several arguments in support of his motion for judgment on the pleadings. He contends that the complaint (1) fails to state a short and concise statement under Fed. R. Civ. P. 8(a); (2) is barred by the doctrine of *res judicata*; (3) impermissibly splits claims between the state and federal proceedings; and (4) is barred by applicable doctrines of immunity. Of these, the court agrees that the complaint is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Federal courts 'must give preclusive effect to state court judgments in accordance with state law.'" *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 36 (1st Cir. 2008) (quoting *Mulrain v. Board of Selectmen of Town of Leicester*, 944 F.3d 23, 25 (1st Cir. 1991)).

Under Massachusetts law, *res judicata* includes both claim preclusion and issue preclusion. *Heacock v. Heacock*, 402 Mass. 21, 23 n. 2 (1988). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Kobrin v. Board of Registration in Medicine*, 444 Mass. 837, 843 (2005) (quoting *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259 (1998)).

For claim preclusion to apply, the respective parties must be identical or in privity with the parties in the prior action, the causes of action must be the same or arise from the same nucleus of operative facts, and there must have been a final judgment on the merits in the prior action. *Goldstein v. Galvin*, 719 F.3d 16, 23 (1st Cir. 2013).

9

All of the elements for *res judicata* are met in this case. First, the parties are the same in this action as in the state court action. Next, the claims in both cases, while not identical, arise from the same nucleus of operative facts, and nothing in any event would have prevented the plaintiff from raising her federal § 1983 claim in the state court action. Finally, a final judgment on the merits was rendered where the state court found that the complaint failed to state a viable claim and entered judgment on the pleadings. *See Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) (state court's Rule 12(b)(6) dismissal of plaintiff's § 1983 claim constituted "a valid, final judgment" that operated "as a dismissal on the merits . . . with *res judicata* effect"); *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir. 2005) ("Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect."); *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1994) ("A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits.").

From the foregoing, it follows that *res judicata* bars the plaintiff's § 1983 claim where she previously brought a state court action against Officer Johnson arising from the same facts, an action in which she moreover could have also advanced her § 1983 claim, and a final judgment was rendered on the merits. *See*

*Mulrain*, 944 F.3d at 26 (§ 1983 claim barred by *res judicata* where plaintiff could have brought same claim against defendants in prior state court action arising from same facts); *Landrigan v. City of Warwick*, 628 F.2d 736, 740 (1st Cir. 1980) (*res judicata* barred § 1983 excessive force claim in federal court where plaintiff previously litigated state action for assault against same officer to final judgment); *Cichocki v. Massachusetts Bay Community College*, 199 F. Supp. 3d 431, 442 (D. Mass. 2016) (*res judicata* barred § 1983 claims where plaintiffs had fully litigated claims based on same facts in state court).  Judgment on the pleadings is therefore appropriate.[4]

---

[4] Given the court's conclusion, it is not necessary to consider the defendant's other arguments.  The court finds them to be unpersuasive in any event.  The defendant argues that the complaint does not, as required, set forth a "short and plain" statement demonstrating the plaintiff's entitlement to relief.  But while the court agrees that the complaint could benefit from some editing, it adequately conveys a Fourth Amendment excessive force claim against Officer Johnson in connection with the August 31st incident at the plaintiff's home.  The defendant also argues that the present claim constitutes impermissible issue-splitting where the plaintiff raises here a claim that could have been brought in state court, but this argument is essentially duplicative of the *res judicata* argument addressed above.  The defendant also argues that he enjoys statutory immunity under M.G.L. c. 123, § 22, which provides that police officers (among others) "shall be immune from civil suits for damages" for, among other things, restraining a person in transporting them to a hospital, but this statutory immunity appears to be limited to state law claims.  *See Ahern v. O'Donnell*, 109 F.3d 809, 820 (1st Cir. 1997).  The defendant argues similarly that he enjoys state common law immunity, but this immunity appears to be limited to claims of negligence, *see, e.g., Najas Realty, LLC v. Seekonk Water Dist.*, 68 F. Supp. 3d 246, 259 (D. Mass. 2014), and thus would not apply here where the plaintiff asserts an intentional tort.  This court also would not be inclined to readily agree that a state-created immunity may shield a defendant from liability for a federal civil rights violation.  *See, e.g., Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, No. 20-CV-0292 SCS, 2021 WL 767619, at * 8 (N.D. Ill. Feb. 26, 2021) ("a state statute cannot immunize conduct that violates federal law, or raise the bar for what it takes to bring a federal claim") (citing *Hampton v. City of Chicago, Cook Cnty., Ill.*, 484 F.2d 602, 607 (7th Cir. 1973)

**V.    CONCLUSION**

For the foregoing reasons, I recommend that the plaintiff's motion for summary judgment (D. 8) be DENIED, and that the defendant's motion for judgment on the pleadings (D. 9) be ALLOWED.[5]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  September 1, 2021

---

("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law.")); *see also Roe v. Rialto Unified Sch. Dist.*, No. 19-CV-863 JGB, 2020 WL 2790008, at * 3 (C.D. Cal. Feb. 26, 2020) ("state law immunities do not apply to Plaintiff's federal § 1983 claim").  Finally, the defendant notes that another court in this district has enjoined the plaintiff from filing any further *pro se* federal actions relating to the facts in that case without first obtaining permission of the court.  *See Elliott v. Segal et al.*, No. 19-CV-10259 ADB, 2019 WL 5168448 (D. Mass. Oct. 15, 2019).  The defendant urges that the plaintiff thus violated the order by filing this suit without permission but no order was violated where the facts of the two cases are unrelated.

[5] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).