UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JODY ELLIOTT LMHC,

            Plaintiff,
                                    No. 20-cv-11775-NMG
       v.

OFFICER JAMES JOHNSON

Salem Police Department,

            Defendant
```

**REPORT AND RECOMMENDATION ON PARTIES' DISPOSITIVE MOTIONS**

CABELL, U.S.M.J.

I.  INTRODUCTION

Plaintiff Jody Elliott, proceeding *pro se*, contends that defendant Salem Police Officer James Johnson[1] used excessive force

---

[1] Counsel for Officer Johnson presume that the complaint also asserts a claim against the Salem Police Department (SPD). This court does not read the complaint to assert any claims against the SPD, however, and treats it as asserting a § 1983 claim only against Officer Johnson. In support of this view, the case caption as drafted by the plaintiff places her name (JODY ELLIOTT LMHC) and Officer Johnson's name (OFFICER JAMES JOHNSON) in capital letters, suggesting they are the sole parties to this action. Wording underneath Officer Johnson's name does read "Salem Police Department" and "Defendant" in initial capitals, but these words appear to be there to identify Officer Johnson and define his role in the case, in the same way that the word "Plaintiff" underneath Elliot's name is meant to denote hers. Notably, the same wording refers to the parties in the singular, as in there is just one "plaintiff" and just one "defendant." Further, the complaint contends at the outset that "Officer James Johnson violated Plaintiff's civil right" but tellingly advances no accusation against the Salem Police Department. Similarly, the narrative portion of the complaint purports to detail Officer Johnson's unlawful acts but does not do the same for any other officer or assert that the SPD bears responsibility for Officer Johnson's conduct. Further still, the plaintiff's single-paged motion for summary judgment refers only to Officer Johnson and not the SPD; refers to him as the

*After consideration of defendant's objections thereto (Docket No. 21), Report and Recommendation is accepted and adopted.*

*NMGorton, USDJ 09/21/2021*